# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Ramon Morga,

               Petitioner

v.

Charles Daniels, et al.,

               Respondents

Case No.  2:21-cv-01743-APG-BNW

**Order**

On September 23, 2021, I denied petitioner Ramon Morga's motion to proceed *in forma pauperis* and directed him to pay the filing fee in order to proceed with his petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 3. He has paid the required fee. ECF No. 5. Morga has also filed an amended petition. ECF No. 4.

Having reviewed the amended petition under Habeas Rule 4, I note that it is divided into two parts, labeled Amendment 1 and Amendment 2, respectively. The first part presents cognizable constitutional claims, but the second part appears to be a rough draft of the first and is, therefore, redundant and incomplete. Thus, I will direct the amended petition to be served on the respondents, but respondents need not respond to the portion of the amended petition after page 24.

In addition, a petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If Morga is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Lastly, Morga has filed a motion for the appointment of counsel. Under 18 U.S.C. § 3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Morga's petition is sufficiently clear in presenting the issues that he wishes to bring. Also, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Morga's motion for the appointment of counsel is denied.

I THEREFORE ORDER that the Clerk shall ELECTRONICALLY SERVE Morga's amended habeas petition (ECF No. 4) and a copy of this order on the respondents.

I FURTHER ORDER that the Clerk shall **add** Aaron D. Ford, Attorney General of the State of Nevada, as counsel for the respondents, and **provide** respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

I FURTHER ORDER that the respondents shall have **60 days** from the date of entry of this order to appear in this action, and to answer or otherwise respond to the amended petition (ECF No. 4). Respondents are not required to respond to the portion of the amended petition after page 24.

I FURTHER ORDER that if the respondents file an answer, Morga shall have **60 days** from the date on which the answer is served on him to file and serve a reply. If the respondents file a motion to dismiss, Morga shall have **60 days** from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and the respondents shall, thereafter, have **30 days** to file a reply in support of the motion.

I FURTHER ORDER that any state court record exhibits filed herein by either Morga or the respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment**.** The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

I FURTHER ORDER that Clerk shall **file** Morga's motion for appointment of counsel (located at ECF No. 1-2). The motion is DENIED.

Dated: November 1, 2021

_____
U.S. District Judge Andrew P. Gordon