```
_____ FILED      _____ RECEIVED
_____ ENTERED    _____ SERVED ON
         COUNSEL/PARTIES OF RECORD

         SEP 2 2 2021

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

1  Ramon Morga
   [print name above]

2  High Desert State Prison
   [name of prison, jail or other detention facility]

3  83082
   [booking number at prison, jail or other detention facility]

4  PO Box 650
   [street address or P.O. Box]

5  Indian Springs NV 89070
   [city, state, and zip code]

Appearing Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

Ramon Morga,
  [print name]

            Petitioner,

      v.

Brian E Williams, SR.
  [warden of facility in which you are incarcerated]

            Respondent.

No. _____
[Write in case number, if you have one. If you are mailing this to the court with a new petition and do not have a case number, leave this blank for court clerk to fill in]

**2:21-cv-01743-APG-BNW**

**EX-PARTE**
REQUEST FOR APPOINTMENT OF COUNSEL IN A FEDERAL HABEAS CORPUS CASE

## I. Introduction

Petitioner Ramon Morga [print name] hereby respectfully requests that the Court appoint counsel to represent him/her in this matter.

Habeas corpus proceedings "are of fundamental importance . . . in our constitutional scheme because they directly protect our most valued rights." *Brown v. Vasquez*, 952 F.2d 1164, 1169 (9th Cir. 1991) (quoting *Bounds v. Smith*, 430 U.S. 817, 827 (1977)) (citations and internal quotations omitted). Consequently, pursuant to 18 U.S.C. § 3006A(a)(2)(B), this Court has the authority to appoint counsel to

assist an indigent Petitioner if the interests of justice so require. In the present case, Petitioner does not have the financial resources to retain counsel. See Application to Proceed Without Prepayment of Fees and Affidavit (In Forma Pauperis). Rule 8(c) of the Habeas Rules makes clear that district judges have the discretion to order "the appointment of counsel under [the Criminal Justice Act] at any stage of the proceeding."

In deciding whether to appoint counsel, this Court must "evaluate [1] the likelihood of success on the merits as well as [2] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). As discussed at length in one treatise, the courts generally have endorsed the appointment of counsel to represent indigent and legally unsophisticated prisoners in the following types of non-capital cases:

> (1) Cases that turn on substantial and complex procedural, legal or mixed legal and factual questions (e.g., the fair composition of grand and petit juries, the voluntariness of confessions, and the effective assistance of counsel).
>
> (2) Cases involving uneducated or mentally or physically impaired petitioners.
>
> (3) Cases likely to require the assistance of experts either in framing or in trying the claims.
>
> (4) Cases in which "'the indigent is in no position to investigate crucial facts.'"
>
> (5) Factually complex cases, e.g., ones involving "conflicting testimony," in which the truth is more likely to "be exposed where both sides are represented by those trained in the presentation of evidence."

1 R. Hertz & J. Liebman, *Federal Habeas Corpus Practice and Procedure*, § 12.3 (5th ed. 2005) (internal quotations and citations omitted, numbering altered).

In addition, appointment of counsel is mandatory for indigent noncapital petitioners (a) when counsel is "'necessary for effective [use of the] discovery'" procedures[1] and (b) pursuant to Habeas Rule 8(c), if the district court determines that "an evidentiary hearing is warranted."[2]

As set forth below, appointment of counsel is appropriate in this case.

---

[1] Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

1  IA  Additional Relevant Facts and Procedural History

2     Petitioner was convicted of: [List all offense(s) for which you were convicted]

3  Conspiracy to Violate Uniform Act C·1 and Count 2, High Level Trafficking

4     Length of terms of sentence(s):

5     10 to 25 years

6  A.  DIRECT APPEAL

7  Petitioner DID /(DID NOT) [circle one] file a Direct Appeal.
   Petitioner WAS /(WAS NOT) [circle one] Represented by Counsel or N/A.
8  Petitioner raised _____ [number] of issues on Direct Appeal or N/A.

9  B.  STATE HABEAS

10 Petitioner (DID)/ DID NOT [circle one] file a state habeas petition.
   Petitioner (WAS)/ WAS NOT [circle one] Represented by Counsel or N/A
11 Petitioner raised _____ [number] issues in the state habeas,
   which also included _____ [number] claims of ineffective
12 assistance of counsel.

13 C.  APPEAL OF DENIAL OF STATE HABEAS

14 Petitioner (DID)/ DID NOT [circle one] appeal the denial of habeas.
   Petitioner (WAS)/ WAS NOT [circle one] Represented by Counsel or N/A
15

16 D.  OTHER PROCEEDINGS:

17 Petitioner also presented the following issues to the Nevada
   Supreme Court (If Applicable)(i.e. appeal of Motion to Modify)
18

19 1.

20 2.

21 3.

22 4.

23 5.

24 * = Petitioner was represented by Counsel in 1-5.
   [place a [*] next to all that apply]
25 Petitioner WAS /(WAS NOT) allowed DISCOVERY [circle all that apply]:
   DIRECT APPEAL / STATE HABEAS / OTHER _____ [name]
26                                         [or list # 1-5]
   Petitioner WAS/WAS NOT provided a Hearing [circle all that apply]:
27 DIRECT APPEAL (oral argument)/ HABEAS (evidentiary)/ OTHER                    .
                                              [or list 1-5]
28                        Page 3

II. Argument

    A. Appointment of counsel is appropriate because this case involves substantial and complex procedural, legal or mixed legal and factual questions.

[If your case involves substantial or complex legal and factual issues, explain]

it involve a Scheme for categorizing meth from Schedule 2 to Schedule-1 for a harder Punishment. Depending on circustances of manufacturing was the State required to prove that the Substance Seized in this Case was Schedule-1 as an element of the Crime under Figueroa-Beltran, 136 Nev Advance opinion 45

    B. Appointment of counsel is appropriate because petitioner lacks education or is mentally or physically impaired.

[If you lack education or are physically or mentally disabled/impaired, explain]

is hard to Comprehend Because There is a language berier

227378.WPD

4

C. **Appointment of counsel is appropriate because this case will probably require the assistance of experts either in framing or in proving the claims.**

[If you will need the assistance of an expert (e.g. a psychologist, a scientist) to explain your claim or to help you prove your claim, explain]

it Requires the Board of Pharmacy and expert

D. **Appointment of counsel is appropriate because the petitioner is indigent and is in no position to investigate crucial facts.**

[If you will have difficulty investigating the facts in your case because you lack money to hire an investigator and you cannot do your own investigation because, for example, you are in prison, explain]

I Don't have any money to Pay for represetation of an Attorney that Can investigate

227378.WPD

5

E. Appointment of counsel is appropriate because this is a case in which the parties dispute the facts, and thus the truth is more likely to "be exposed where both sides are represented by those trained in the presentation of evidence."

[If your case involves disputed facts (for example you and the government dispute whether you rejected a plea offer), explain]

Because is going to expose a schem for a harder Punishment that the State is using till This Day

### F. LIMITATIONS OF THE HDSP LAW LIBRARY AND MAILING SYSTEM

Petitioner is currently incarcerated at HDSP and is housed in Unit 5B, which is classified as Level 2.

1. Limitations of the HDSP Law Library

As of the date of the filing of this Motion, Unit 5, is Level 2, only has access to the HDSP law library on _____ (day) from _____ to _____ (time) and on _____ (day) from _____ to _____ (time) or (HAS NO DIRECT ACCESS) (circle if applicable).

The law library only allows up to 25 inmates per session out of approximately 300 + inmates. Requests must be submitted one week in advance for consideration to be placed on an approved list. If your unit has access you are required to attend the law library in order to check out cases, research materials, forms, obtain any copies and seek the assistance of law clerks. No requests may be filled by mail.

227378.WPD

6

    Up to 10 items may be checked out at a time. No books are available for checkout and cases and statutes are only available on a computer retrieval system which has approximately 7 available stations for 25 inmates, first come, first served.

    The inadequacies of the NDOC law library system has been litigated in Koershner v. Warden, 508 F.Supp. 2d 849 (Nev. 2007) and other cases, See, Moxley v. Neven, 2:07-cv-01123-RLH-GWF (D. Nev. Sep. 30, 2010, cited in Felix v. McDaniel, 2012 U.S. Dist. Lexis 25890.

    2. Limitations of the HDSP Mailing System

    As of March of 2012, outgoing legal mail is not logged at HDSP. If an inmate sends mail by a brass slip to cover the cost a further delay of 1-2 days occurs while the brass slip is processed. If stamps are used to mail out legal mail there is no record of it kept at HDSP. Inmates are also limited in the amount of stamps that they are allowed to purchase and possess and there is no method in the units to determine sufficient postage for items which may require excess postage.

    Incoming mail, while logged, is subject to delays and is often delivered after the close of afternoon tier. Therefore any response is delayed as the outgoing mail is delivered to the post office for delivery the next business day it is placed in internal mailboxes.

    As to the above Law Library and Mail policies, I have been prejudiced or harmed as follows: [Explain if Applicable]

1. Argument F - Continued.

G. Any Additional Factors for the Court's Consideration.
   [Explain any other reasons for appointment of counsel, if applicable]

III. Conclusion

This Court has the authority and should appoint counsel for Petitioner pursuant to 18 U.S.C. §3006A (a)(2)(B). Appointment of counsel will serve the interests of justice and judicial expedience and economy.

Respectfully submitted,

Dated: 9-20-2021

*[signature]*

Ramon Morga 83082
[type or print name]

Page 8