UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ramon Morga, | Case No. 2:21-cv-01743-APG-BNW |
| Petitioner | |
| v. | **Order** |
| Charles Daniels, et al., | |
| | [ECF No. 13] |
| Respondents | |

In this habeas corpus proceeding under 28 U.S.C. § 2254, the respondents move to dismiss four claims from petitioner Ramon Morga's habeas first amended habeas petition. ECF No. 13. The respondents argue that Grounds 1 through 4 are not cognizable in a federal habeas proceeding. Alternatively, they argue that Grounds 2-4 are procedurally defaulted. I dismiss Grounds 1, 2, and 3, but not 4.

Morga was convicted in the Nevada state court of conspiracy to violate the Uniformed Controlled Substances Act and trafficking in controlled substances. ECF No. 14-28. Ground 1 through 4 of his first amended petition all allege error based on an assertion that the controlled substance at issue, methamphetamine, is a schedule II substance, not a schedule I substance.[1] ECF No. 4. The respondents contend that, because the grounds are all premised on state law error, they cannot serve as a ground for federal habeas relief.

Generally, federal habeas writs may not issue on the basis of a perceived error of state law interpretation or application. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law

---

[1] Prior to a 2019 amendment, the statute under which Morga was convicted, Nev. Rev. Stat. § 453.3385, did not apply to Schedule II substances. *See* 2019 Nevada Laws Ch. 633 (A.B. 236).

questions."); *see also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'" (Citation omitted.)). Violations of state law are cognizable on habeas only if the state court's application of state law was so arbitrary or capricious as to constitute an independent due process violation that rendered the trial fundamentally unfair. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts," because "[t]he habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (citing 28 U.S.C. § 2254(a)). A § 2254 petition may not transform a state law issue into a federal one merely by labeling it a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

In Ground 1, Morga alleges that he is "factually innocent" of trafficking in a schedule I substance because there was no evidence produced at trial that methamphetamine is a schedule I substance, and methamphetamine is a schedule II substance, not a schedule I substance. ECF No. 4 at 8-9. Neither the Supreme Court of the United States nor the Ninth Circuit Court of Appeals has determined whether a freestanding claim of actual innocence is cognizable on federal habeas review. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although we have assumed that such a claim is viable."). Setting that aside, resolution of Morga's actual innocence claims clearly hinges on the application and

interpretation of Nevada law.  And as noted in the Nevada appellate opinion denying Morga post-conviction relief, methamphetamine is a schedule I controlled substance under Nevada law. *See* ECF No. 15-50 at 3 (citing NAC 453.510(7) and *Andrews v. State*, 412 P.3d 37, 38 (Nev. 2018)).  Thus, Ground 1 is not cognizable on federal habeas review.

Relying on the same allegations, Morga claims in Ground 2 that there was insufficient evidence presented at trial to convict him of trafficking in a schedule I substance. ECF No. 4 at 10-13.  Sufficiency of the evidence claims may be brought in a federal habeas proceeding. *Jackson v. Virginia*, 443 U.S. 307, 320–324 (1979).  But just as a petitioner may not transform a state law issue into a federal one by alleging a due process violation, a petitioner cannot convert a state law claim into a federal constitutional challenge by asserting that insufficient evidence supported his conviction. *See Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009).  Ground 2 is also not cognizable on federal habeas review.

In Ground 3, Morga contends that the trial court committed plain error by issuing a jury instruction that presumed that methamphetamine is a schedule I substance. ECF No. 4 at 13-15. He alleges a due process violation under the Fourteenth Amendment, but the Court in *Estelle v. McGuire* made clear that deficient jury instructions are a matter for the state appellate court and do not provide grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. at 71-72 ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief.").  So Ground 3 must also be dismissed as not cognizable in a federal habeas proceeding.

Ground 4 is a claim that Morga received ineffective assistance of counsel, in violation of his rights under the Sixth and Fourteenth Amendments, because counsel "failed to object to a patently incorrect charge and the jury instructions to support it." ECF No. 4 at 15-16.  To the extent this claim depends on a finding that methamphetamine is a schedule II substance under

Nevada law, it very likely cannot succeed on its merits. But that is for another day. The claim is cognizable under federal law. *See Strickland v. Washington*, 466 U.S. 668 (1984). Thus, Ground 4 is not dismissed on cognizability grounds.

In responding to the motion to dismiss, Morga argues that his claims assert a violation of federal law under the Supremacy Clause of the Constitution. ECF No. 18 at 7-10. But Morga does not allege a Supremacy Clause claim in his first amended petition. Even if he did, any claim based on the Supremacy Clause would fail on the merits. Federal law preempts state law under the Supremacy Clause of the United States Constitution in one of three ways: (1) preemption by statute; (2) preemption by occupation of the field; or (3) preemption by conflict between state and federal regulation. *United States v. 4,432 Mastercases of Cigarettes, More or Less*, 448 F.3d 1168, 1189 (9th Cir. 2006). The preemption analysis begins and ends with the purpose of Congress. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992). The federal Controlled Substances Act expressly provides:

> No provision of [the Act] shall be construed as indicating an intent on the part of Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision ... and that State law so that the two cannot consistently stand together.

21 U.S.C. § 903. Conflict preemption occurs when compliance with both state and federal law is impossible, or where the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976, 988 (9th Cir. 2007) (citations and internal quotations omitted). Because there is no such conflict in this case, Morga's conviction does not raise Supremacy Clause concerns.

Having dismissed Grounds 1, 2 and 3, I decline to address the respondents' argument that the claims are procedurally defaulted. As for Ground 4, the Nevada Court of Appeals addressed the claim on the merits. *See* ECF No. 15-50 at 3. Thus, Ground 4 is not procedurally defaulted. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) (noting that claim is not procedurally barred from federal review if the state court has reached the merits of the claim).

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 13) is GRANTED in part**. Grounds 1, 2, and 3 of Morga's first amended petition (ECF No. 4) are dismissed for failure to state a cognizable federal claim.

I FURTHER ORDER that the respondents have **until August 1, 2022** to file and serve an answer to the remaining claims. Morga has **60 days** from the date on which the answer is served on him to file and serve a reply.

Dated: June 1, 2022

_____
U.S. District Judge Andrew P. Gordon

5